UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD HUTCHINSON, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:07CV742 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [# 1], filed on April 17, 2007. The government has responded to the motion. The Court conducted an evidentiary hearing on September 24, 2007 for the purpose of hearing testimony as to Movant's claim that he requested his attorney to file an appeal.

## Facts and Background

Movant was indicted on September 16, 2004 on one count of possession with intent to distribute in excess of 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of knowingly possessing one or more firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On January 18, 2006, Movant appeared with his attorney and entered a plea of guilty. Movant had entered a Plea Agreement and Stipulation of Facts with the government

at the time of his plea.  This Agreement was filed with the Court that same day.

Under the Plea Agreement, Movant agreed to plead guilty to the charge.  At the Plea

Hearing, movant acknowledged that he had read the Plea Agreement.

Under the terms of the Plea Agreement and at the hearing on Movant's change of plea, Hutchinson agreed that by entering a plea of guilty, he expressly waived his right to trial.  He agreed that he understood the right to trial and the consequences of his waiver of those rights.

Hutchinson waived his right to file an appeal.  He waived all rights to appeal all sentencing issues.  Movant waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Movant was sentenced on April 12, 2006.  Prior to sentencing, movant filed an acceptance of the Presentence Investigation Report.  No objections were raised.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28

U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To

prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively.

*Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## Discussion

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). However, where a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel).

## Ground One: Ineffective Assistance of Counsel

In his first ground for relief, Movant argues that counsel was ineffective for

failure to investigate his case and viable issues available to him prior to plea negotiations. Movant claims that investigating the facts surrounding his arrest would have uncovered "the fact of the fraud fostered by police officer's signing a consent form, which was supposedly signed by petitioner and allowed police to open a safe without proper consent."

As the government correctly argues, it is undisputed that the search of 5879 Theodosia was conducted pursuant to a valid state-issued search warrant. It is well established that "'[a] lawful search extends to all areas and containers in which the object of the search may be found.' *United States v. Schmitz,* 181 F.3d 981, 988 (8th Cir.1999) (quoting *United States v. Hughes,* 940 F.2d 1125, 1127 (8th Cir.1991))." *U.S. v. Nichols,* 344 F.3d 793, 798 (8th Cir. 2003). Thus, the police were within the limits of the search warrant to search the locked safe that might reasonably contain the items listed in the warrant, *i.e.*, drugs, drug paraphernalia and drug transaction records.

Furthermore, the record belies Movant's argument. At the plea hearing, the Court questioned Movant as to counsel's performance. Movant, under oath, stated that he had had enough time to review and discuss his case with his lawyer; that he was satisfied with the advice his lawyer gave him; that counsel had answered all of his questions fully, completely and to his satisfaction. Movant, in further answering

the Court's questions, stated that he was not confused about anything regarding the case; that there were no witnesses that he wanted his lawyer to check out that he did not. The Court specifically asked Movant if there was any investigation that he wanted his lawyer to do that he did not. Movant responded that there was not. Movant also advised the Court that there was no investigation that counsel should have done but did not do. Movant has failed to establish either *Strickland* prong and Ground One is therefore clearly without merit.

## **Ground Two: Fourth Amendment Violation**

Movant contends, as ground two of his Motion, that the Fourth Amendment dictates that a resident within his own property has a reasonable expectation of privacy from intrusion of police except for those things in plain view or contained in a valid search warrant, and that absent these exceptions, the Fourth Amendment is violated. Movant contends that all things searched and seized become the fruits of a poisonous tree.

Movant voluntarily and knowingly plead guilty to the charges. In so doing, he waived his right to bring this Fourth Amendment challenge. During the Plea Hearing and in the Plea Agreement, Movant acknowledged that his plea was voluntary and that he was giving up his rights file pretrial motions, including

motions to suppress evidence.[1] Movant has presented nothing to even remotely indicate that his plea was not voluntary and knowing. As such, Movant cannot now argue that his constitutional rights have been violated. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). *See Boykin,* 395 U.S. 243; *Faretta,* 422 U.S. 806 (1975).

### Ground Three:

Movant argues as his third and final ground that counsel was ineffective because he failed to file an appeal after Movant asked him to do so. Pursuant to *Watson v. United States*, 493 F.3d 960, 963-4 (8th Cir. 2007), the Court held a hearing to supplement the record as to Movant's request for an appeal. Counsel testified that Movant did not ask him to file a notice of appeal. Movant did not testify that he in fact did ask counsel to file a notice of appeal. The record is clear that Movant did not ask counsel to file a notice of appeal. As such, counsel cannot be held to be ineffective. Furthermore, Movant waived his right to appeal through a valid waiver and plea agreement. Movant's third ground for relief is therefore denied

### Conclusion

Based upon the foregoing analysis, none of the grounds upon which movant

---

[1] Prior to the entry of the guilty plea, Movant's former counsel filed a Motion to Suppress, which was subsequently denied as moot upon Movant's November 29, 2005 statement in open court to Judge Noce that he decided not to raise any issues by way of pretrial motions.

relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is DENIED.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 26th day of September, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE